UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ALI KETTREIS,

                Petitioner,

    -against-

SUSAN CONNELL, Superintendent,

                Respondent.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

06 Civ. 5032 (BMC)

**COGAN**, District Judge.

I assume familiarity with the facts underlying this petition for a writ of habeas corpus under 28 U.S.C. §2254. The petition sets forth two points for review relating to petitioner's alleged accomplice, who testified at trial against him: (1) the trial court refused to charge that the accomplice was an interested witness; and (2) the trial court failed to charge that the testimony of an accomplice, under New York law, had to be corroborated.

On the first point, the Appellate Division found that an interested witness charge should have been given, but that the instructions were nevertheless adequate because they addressed witness credibility. "Viewing the court's charge as a whole, the instructions regarding credibility adequately conveyed to the jury the appropriate standard by which to evaluate the testimony of the witness." People v. Kettreis, 19 A.D.3d 706, 707, 798 N.Y.S.2d 92, 93 (2d Dep't 2005), leave to app. den., 5 N.Y.3d 807, 803 N.Y.S.2d 36 (2005). The Appellate Division found the petitioner's second point to be unpreserved, as petitioner had not requested an accomplice-corroboration jury instruction and had not

objected on that ground to the jury instructions that the trial court gave. In addition, the Appellate Division considered the point on the merits, and held that since there was a factual issue as to whether the witness was indeed an accomplice, an accomplice-corroboration instruction was not required.

A state trial court's jury instructions are ordinarily not a matter that raises a federal question, but rather, the propriety of such instructions is a matter of state law. See Cupp v. Naughten, 414 U.S. 141, 146, 94 S.Ct. 396, 400 (1973). A federal court can only grant habeas relief on a defective jury charge if it "so infected the entire trial that the resulting conviction violates due process." Id. at 147, 94 S.Ct. at 400. Petitioner cannot meet that standard here.

As the Appellate Division held on petitioner's first point, the trial court instructed the jury as to how to determine witness credibility, specifying that it should consider the interest or bias of a witness. The alleged accomplice's cooperation agreement and resultant motivation was the subject of both argument and evidence throughout the trial. The trial court's omission of a more specific charge as to the alleged accomplice does not present an issue of constitutional dimension, as the jury was able to apply the instruction on witness credibility to the arguments and evidence before it.

Petitioner's second point is procedurally barred as the Appellate Division disposed of it on an independent and adequate state law ground – that petitioner had never requested an accomplice-corroboration instruction at trial. See Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991). The Second Circuit has recognized that New York's contemporaneous objection rule, N.Y. C.P.L. §470.05(2), is an adequate state law ground for decision. See Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994).

There is nothing in the record to suggest that petitioner has any excuse for not raising his objection to the absence of the instruction at trial or that he was prejudiced by it.

In addition, since the Appellate Division reached the merits of the claim, I am required to find that its decision was contrary to or an unreasonable application of Supreme Court authority in order to grant habeas relief. See 28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). Under the standard in Cupp v. Naughten, supra, petitioner has failed to show that the alleged error "infected the trial" so as to deny him due process.

## CONCLUSION

The petition is denied. The Clerk is directed to enter judgment in favor of respondent. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. §2253(c)(2).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

U.S.D.J.

Dated: Brooklyn, New York
September 11, 2007